UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KELLY S. HEATH, )<br>)<br>*Plaintiff,* )<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner, )<br>Social Security Administration, )<br>)<br>*Defendant.* ) | Cause No. 1:19-CV-335-RLM |

OPINION AND ORDER

Kelly Heath seeks judicial review of the Commissioner of Social Security's denial of her applications for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g). For the reasons that follow, the court remands for further consideration.

Ms. Heath was fifty-one years old on July 6, 2016, the amended alleged onset of disability. She applied for disability based on a variety of physical and mental impairments, including diffuse musculo-skeletal pain, chronic low back pain, carpal tunnel syndrome, diabetic neuropathy, generalized anxiety, depression, and hypertension. Her application was denied initially, upon reconsideration, and after an administrative hearing in May of 2018. The ALJ concluded that, through the date last insured, Ms. Heath didn't have an impairment or combination of impairments that significantly limited her ability

to perform basic work activities for 12 consecutive months, so she didn't have a severe impairment and wasn't disabled. More specifically, the ALJ found that:

- Ms. Heath meets the insured status requirement through December 31, 2021.

- Ms. Heath had these severe medically determinable impairments: lumbar degenerative disc disease, diabetic neuropathy, and carpal tunnel syndrome.

- Ms. Heath had nonsevere impairments: depression, memory loss and confusion, and anxiety. (20 CFR § 404.1520(c) and 416.920(c)).

- Her impairments, alone and in combination, didn't meet or equal the severity of any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., Appendix 1.

- Ms. Heath had the residual functional capacity to perform sedentary work as defined by 20 CFR 404.1567(a) except as reduced by the following: she is limited to occasional climbing of ramps and stairs, occasional balancing, stooping, crouching, but no crawling, kneeling or climbing ladders, ropes, or scaffolds; she cannot work at unprotected heights or around dangerous machinery. She is also limited to no more than frequent bilateral fingering, feeling, and handling.

- Ms. Heath was able to perform her past relevant work as a loan officer (DOT 186.267-018).

[AR 14-26].

The ALJ therefore concluded that Ms. Heath wasn't disabled within the meaning of the Social Security Act, and wasn't entitled to disability benefits. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied her request for review. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

Ms. Heath contends that:

1. The ALJ failed to properly formulate Ms. Heath's RFC by:

      a. Failing to properly evaluate her symptoms and limitations, and

      b. Failing to consider all of her medically determinable severe and nonsevere impairments in combination; and

2. ALJ erroneously determined that Ms. Heath could perform past relevant work as a loan officer without engaging in the required analysis.

## I. Discussion

The issue before the court isn't whether Ms. Heath is disabled, but whether substantial evidence supports the ALJ's decision that she isn't. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but it "will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005).

The ALJ isn't required "to address every piece of evidence or testimony presented, but he must provide a 'logical bridge' between the evidence and the

conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160.

Ms. Heath contends that the ALJ only considered her mental impairments at step two and didn't make a detailed assessment of limitations that might result from mental impairments. The ALJ found that Ms. Heath had the nonsevere impairments of depression, memory loss and confusion, and anxiety. The ALJ didn't engage in any discussion of, or even mention, evidence related to mental impairments in his RFC determination. That these conditions were nonsevere doesn't excuse the ALJ's lack of consideration. Yurt v. Colvin, 758 F.3d 850, 860 (7th Cir. 2014) ("The fact that the headaches standing alone were not disabling is not grounds for the ALJ to ignore them entirely—it is their impact in combination with Yurt's other impairments that may be critical to his claim.") (Citing SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184 at *5).

The court looks at the ALJ's decision as a whole, so if the analysis at step two sufficed to meet the requirements of step five, the court need not reverse the ALJ. The ALJ thoroughly supported his step two determination that Ms. Heath had only mild limitations in understanding, remembering, or applying info; interacting with others; and concentrating, persisting, or maintaining pace. But once he determined that there were mild limitations, he didn't discuss how those limitations impact Ms. Heath's ability to work or how they interact with her other limitations. While Ms. Heath's mental impairments

might not have warranted additional RFC limitations, the ALJ didn't build a logical bridge between Ms. Heath's mild impairments and his RFC determination. Since the court can't follow the ALJ's logic to access the validity of his determination, the ALJ made a reversible error. Jones v. Astrue, 623 F.3d at 1160.

Accordingly, the Commissioner's decision is REVERSED, and the case is REMANDED for further proceedings.

SO ORDERED

ENTERED:   June 18, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court